# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Manuel G.A. Nerez, III,

    Plaintiff

v.

Dwight Neven, et al.,

    Defendants

2:15-cv-01763-JAD-GWF

**Order Dismissing Case**

    Nevada state prisoner Manual G.A. Nerez, III, sues for a myriad of civil-rights violations he allegedly suffered while incarcerated at High Desert State Prison.[1] On February 22, 2016, I screened Nerez's complaint, dismissed both of his claims without prejudice, and directed Nerez to file an amended complaint by March 23, 2016, if he wished to do so.[2] Nerez has not filed an amended complaint or requested an extension to do so.

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[3] A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[4] When deciding whether to dismiss a case on these grounds, the court must consider (1) the public's interest in expeditious resolution of

---

[1] ECF 1-1.

[2] ECF 4.

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[4] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5]

In this case, the first two factors—the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket—weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[6] And the fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the first three factors. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.[7] My February 22, 2016, order expressly warned Nerez that if he did not file an amended complaint by March 23, 2016, his case would be dismissed without prejudice.[8] The five factors weigh in favor of dismissal, so I dismiss Nerez's complaint and close this case.

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that **this action is DISMISSED without prejudice**, and Nerez's application to proceed in forma pauperis **[ECF 3] is DENIED.**

The Clerk of the Court is instructed to **CLOSE THIS CASE.**

Dated this 4th day of April, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[5] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

[8] ECF 4 at 5.